# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

ALBERTA LOUISE PERRY, surviving spouse
and next kin of VINCENT MCKINNEY,
deceased,

    Plaintiff,

v.                                                                No. 3-21-cv-00414-KAC-HBG
                                                                JURY DEMAND

JENKINS & STILES, LLC,

    Defendant.
_____/

## AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(1)(A)-(B), Plaintiff files this Amended Complaint which also corrects a misnomer in Plaintiff's name.

## SUMMARY

1. Defendant JENKINS & STILES, LLC is a construction company entrusted to supply personnel and equipment to safely offload cargo from a trailer that delivered building materials to a construction site controlled by JENKINS & STILES.

2. On April 15, 2021, JENKINS & STILES and its employee forklift operator failed to make sure the offloading area was clear and failed to secure the load onto the forklift before lifting the load off the trailer. As a result, the forklift operator dropped the load from the trailer, crushing VINCENT MCKINNEY under the weight of several thousand pounds. VINCENT MCKINNEY was killed.

3. These claims for relief are to hold JENKINS & STILES accountable for their negligence for benefit of VINCENT MCKINNEY'S surviving spouse and children.

4. This is an action under Tenn. Code Ann. § 20-5-101 *et. seq.* brought by the surviving spouse of VINCENT MCKINNEY, deceased, for all damages for wrongful death and survivor available at law or equity and on behalf of all surviving beneficiaries.

## PARTIES

5. Plaintiff, ALBERTA LOUISE PERRY, is the next kin and surviving spouse of VINCENT MCKINNEY, deceased, (or "**PLAINTIFF**") and is a domiciliary and citizen of Douglasville, Georgia. VINCENT MCKINNEY died intestate.

6. Defendant, JENKINS & STILES, LLC ("**DEFENDANT**" or "**JENKINS & STILES**") is a for-profit LLC registered to do business in the State of Tennessee with a principal office located at 10617 Deerbook Drive, Knoxville, Tennessee 37922. JENKINS & STILES may be served process by serving its registered agent, Kevin C. Stevens, Esq. at 550 Main St., Floor 4, Bank of America Building, Knoxville, Tennessee, 37902.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the claims under 28 U.S.C. § 1332(a) as complete diversity of citizenship exists and the amount in controversy exceeds $75,000 exclusive of costs and interest. Venue is appropriately laid in the Eastern

District of Tennessee, as many of the acts complained of occurred in this District and the Defendant's principal office is located in this District.

## FACTS

8. JENKINS & STILES is a construction company and general contractor and is located at 10617 Deerbrook Drive, Knoxville, Knox County, Tennessee and, on or before April 15th, 2021, undertook to oversee, supervise and control the construction of real property including a commercial building ("Building") located at or near 7640 Oak Ridge Highway, Knoxville, Tennessee, 37931.

9. The Building was to house the operations of the U-Haul Moving and Storage of Karns, ("U-Haul"), to be constructed located at this location.

10. U-Haul is and was the owner and/or occupier of the referenced property and Building and, on information and belief, contracted or arranged for JENKINS & STILES to provide construction and related services. JENKINS & STILES undertook to control and supervise the construction.

11. As part of the construction process, JENKINS & STILES undertook to receive building materials to be delivered by truckloads to the construction area and was to oversee and supervise the off-loading of these materials.

12. One load to be delivered by an open flatbed trailer to the construction site consisted of bundles of insulated panels from the shipper, Metl-Span VA Plant at 6001 Quality Way, Prince George, VA 23875. The load consisted of five wrapped bundles, each weighing between 1,701 to 3,432 pounds for a total weight of 16,513 pounds.

13. On or around April 15, 2021, at approximately 9:16 a.m., the truckload of bundled materials arrived by flatbed trailer pulled by a truck driven by VINCENT MCKINNEY, a professional truck driver.

14. The insulated panels were bundled together with banding plastic or plastic-like banding material.

15. After arrival at the construction site, JENKINS & STILES undertook to supervise and provide employees and equipment to offload the bundles from the trailer.

16. JENKINS & STILES did not provide any personnel or employees to aid in the offloading of the materials from the trailer other than a forklift and forklift operator.

17. JENKINS & STILES did not provide any personnel to aid or assist its forklift operator to spot or ensure the area was clear of people before attempting to offload the building materials from the trailer.

18. JENKINS & STILES provided a single employee, CURTIS KENNEDY, a forklift operator, to offload the materials using a forklift, and who acted in the course and scope of his employment relationship or otherwise as an agent of JENKINS & STILES.

19. CURTIS KENNEDY undertook to unload the building materials by lifting – or attempting to lift – the bundles of materials off the trailer bed using the forklift. Before attempting to lift one bundle, CURTIS KENNEDY did not confirm the area around the trailer was clear and that it would be safe to commence offloading.

20. As result, CURTIS KENNEDY commenced offloading the building materials before the area surrounding the trailer was confirmed to be clear and free of people.

21. When he commenced the offloading of the building materials, CURTIS KENNEDY failed to properly secure the load to the forklift, and he attempted to lift the bundle off the trailer. As a result of these failures, the load was prone to and at risk to fall off the forklift and/or cause the cargo to be unstable.

22. As a result of the failures to secure the load to the forklift and make sure the area was clear and safe, the forklift operator CURTIS KENNEDY caused the load to be dropped from the trailer onto VINCENT MCKINNEY, crushing him under the weight of thousands of pounds.

23. VINCENT MCKINNEY suffered serious personal injuries and was crushed and killed by the falling load.

### NEGLIGENCE/NEGLIGENCE *PER SE*

24. The foregoing allegations are incorporated by reference as if restated verbatim.

25. JENKINS & STILES and its employees and agents owed nondelegable duties to VINCENT MCKINNEY to use reasonable care in the hiring, retention, training and supervision of employees, including CURTIS KENNEDY, and to provide adequate supervision of the offloading process of building materials from truck trailers, including ensuring the area is clear and safe before attempting to do so.

26. JENKINS & STILES breached these duties by committing one or more the following acts or omissions, all of which contributed to cause the injuries and damages complained of:

  a. Negligently hiring CURTIS KENNEDY who was not sufficiently trained, knowledgeable or capable of safe operation of offloading procedures with a forklift and had not been given adequate instruction in the offloading process;

  b. Negligently retaining CURTIS KENNEDY who was not sufficiently trained, knowledgeable or capable of safe operation of forklifts in the offloading process;

  c. Negligently entrusting CURTIS KENNEDY with the operation of a forklift for which JENKINS & STILES knew or should have known that CURTIS KENNEDY was not properly trained or knowledgeable to safely operate;

  d. Negligently failing to provide employees or other persons to assist CURTIS KENNEDY in the offloading process to spot and ensure the area was clear and safe to commence offloading and to assist during the offloading process;

  e. Otherwise failing to use reasonable care; and

  f. JENKINS & STILES was also negligent *per se* for violations of applicable provisions of 29 C.F.R. § 1910.178 which governs use and operation of powered industrial trucks and for which VINCENT

6

Case 3:21-cv-00414-KAC-HBG   Document 10   Filed 01/25/22   Page 6 of 10   PageID #: 39

MCKINNEY was a member of the class 29 C.F.R. § 1910.178 was intended to protect and of which was in full force and effect during the material dates complained of.

27. JENKINS & STILES' negligence were substantial factors of, and proximately and legally caused PLAINTIFF'S and VINCENT MCKINNEY'S injuries and damages, as set forth more fully below.

## VICARIOUS LIABILITY/AGENCY/ *RESPONDEAT SUPERIOR*

28. CURTIS KENNEDY was negligent and failed to use reasonable care in the operation and unloading of the cargo with the forklift by failing to take proper precautions to secure the load and/or prevent it from falling and failed to make sure the area was clear of persons before attempting to offload the cargo. JENKINS & STILES is vicariously liable for CURTIS KENNEDY'S acts and omissions under *respondeat superior*, agency theory, master-servant and other legal theories.

29. The negligence of CURTIS KENNEDY (for which JENKINS & STILES is liable) was a substantial factor of, and proximately and legally caused PLAINTIFF'S and VINCENT MCKINNEY'S injuries and damages, as set forth more fully below.

## CLAIMS FOR RELIEF

30. The foregoing allegations are incorporated by reference as if restated verbatim.

31. PLAINTIFF brings the following claims for relief and counts against JENKINS & STILES:

    I. Negligent hiring;

   II. Negligent retention;

  III. Negligent training;

  IV. Negligent supervision;

   V. Negligent entrustment;

  VI. Negligence *per se*;

 VII. Negligence;

VIII. Vicarious liability, agency theory, *respondeat superior* for the negligence of its employees or agents; and

  IX. Declaration and any other available relief that all statutory or other limitations on damages does not apply and/or is removed for the conduct at issue under one or more of enumerated exceptions or otherwise under Tenn. Code Ann. § 29-39-102(c), (d), and (h) (1- 4).

## DAMAGES AND DEMAND FOR RELIEF

WHEREFORE PLAINTIFF demands:

32. Judgment for general and compensatory damages against JENKINS & STILES in an amount to be determined by the jury for:

   a. The mental and physical suffering endured by VINCENT MCKINNEY between the time he was crushed and his death;

   b. Medical expenses;

c. Reasonable funeral expenses;

d. The pecuniary value of the loss of the life of VINCENT MCKINNEY and including the loss of earnings that would have been expected over his work life and the reasonable value of the loss of consortium suffered by his surviving spouse and surviving children and/or other beneficiaries including, but not limited to, tangible services, intangible benefits each family member would have received including **love, affection, attention, education, guidance, care, protection, training, companionship and cooperation** that his wife and children would reasonably be certain to have received during the life of the VINCENT MCKINNEY.

33. For process to issue and serve;

34. For trial by jury (6);

35. For court and discretionary costs; and

36. For all other damages and relief available at law or equity.

Respectfully submitted,

**THE LAW FIRM FOR TRUCK SAFETY, LLP**

*/s/Matthew E. Wright*
Matthew E. Wright, No. 022596
840 Crescent Centre Drive
Suite 310
Franklin, TN 37067
P: (615) 455-3588

F: (615) 468-4540
matt@truckaccidents.com

*Attorney for Plaintiff*
*ALBERTA LOUISE PERRY*
*next kin and surviving spouse of*
*Vincent McKinney, deceased*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's

ECF filing system to the following:

Angela Cirina Kopet
G. Graham Thompson
Copeland, Stair, Kingma & Lovell, LLP
735 Broad Street
Suite 1204
Chattanooga, TN 37402
*Attorneys for Defendant Jenkins & Stiles*

on January 25th, 2022.

                                                   */s/ Matthew E. Wright*
                                                 Matthew E. Wright