IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALBERTA LOUISE PERRY, surviving spouse and next kin of VINCENT MCKINNEY, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:21-CV-00414-KAC-JEM |
| JENKINS & STILES, LLC, and NCI GROUP, INC., d/b/a METL-SPAN | ) ) ) ) | |
| Defendant. | ) | |

### DEFENDANT JENKINS & STILES LLC'S REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND FOR DISMISSAL OF PLAINTIFF'S CLAIMS OF DIRECT NEGLIGENCE

COMES NOW Defendant Jenkins & Stiles, LLC, by counsel, pursuant to Rule 12(b)(6), Rule 12(c), and Rule 12(h)(2) of the Federal Rules of Civil Procedure, and files its Reply to the Plaintiff's Opposition to Defendant Jenkins & Stiles LLC's Motion for Partial Judgment on the Pleadings as follows:

The United States District Courts in the state of Tennessee are unanimous in enforcing the preemption rule as requested by Jenkins & Stiles in this matter. In the *Ryans v. Koch Foods, LLC* decision out of the Eastern District of Tennessee, Judge Lee dismissed the plaintiff's direct negligence claims against the defendant and predicted that "the Supreme Court of Tennessee would follow the majority position and hold that where an employer has admitted *respondeat superior* liability, a plaintiff cannot sustain a separate claim against the employer for negligent hiring, entrustment, supervision, or training." *Ryans v. Koch Foods, LLC*, No. 1:13-CV-234-SKL, 2015 WL 12942221 at *9 (E.D. Tenn. Jul. 8, 2015) (citing *Ali v. Fisher*, 145 S.W.3d 557, 564 (Tenn. 2004) ("A second exception [to the system of comparative fault] is where vicarious liability

is based on an agency relationship between a principal and the principal's negligent agent, such as the family purpose doctrine or *respondeat superior*"). In *Freeman v. Paddack Heavy Transp., Inc.* the Middle District accepted the Eastern District's reasoning on *Ali* and granted the defendant's Motion for Partial Dismissal of the plaintiff's direct negligence claims, agreeing that "Tennessee's recognition that the doctrine of *respondeat superior* requires exceptions to the general rule of allocation of fault under the comparative fault system weighs in favor of the preemption rule." *Freeman v. Paddack Heavy Transp., Inc.*, No. 3:20-cv-00505, 2020 WL 7399026 at *3 (M.D. Tenn. Dec. 16, 2020). Most recently, in *Madrid v. Annett Holdings, Inc.* the Western District dismissed all claims of direct negligence against an employer who filed a Motion for Partial Dismissal relying on the preemption rule:

> The Court finds this line of authority persuasive and joins other federal courts applying Tennessee law in predicting that the Tennessee Supreme Court would treat *respondeat superior* as an exception to general comparative fault rules. Under Tennessee law then, a direct negligence claim against an employer is precluded once the employer admits its employee was acting in the course and scope of his employment and effectively concedes its possible liability for the employee's alleged negligence under the doctrine of *respondeat superior.* Applying this principle in this case means that Defendant's Motion for Partial Dismissal as to the direct negligence claims must be **GRANTED**.

*Madrid v. Annett Holdings, Inc.*, No. 1:21-CV-1173-STA-JAY, 2022 WL 1005307, at *4 (W.D. Tenn. Apr. 4, 2022). *Ryans*, *Freeman*, and *Madrid* establish that the preemption rule is consistent with Tennessee law and with Tennessee's framework for vicarious liability and comparative fault.

Plaintiff cited the *Jones v. Windham* case to argue that this Court should reject the preemption rule. Plaintiff failed to note that *Jones* was later vacated. *See* Order No. W2015-00937-SC-R11-CV (Aug. 19, 2016), attached hereto as Exhibit 1. In its *Madrid* decision, Chief Judge Anderson vaguely referenced the *Jones* case, but did not discuss it further than to state it was vacated: "Plaintiffs do point out that the Tennessee Court of Appeals did issue a decision rejecting Defendants' argument. However, that ruling was subsequently vacated." *Madrid*, *supra*, at *1.

Chief Judge Crenshaw of the Middle District did discuss *Jones* in the *Freeman* opinion in a footnote, pointing out that because *Jones* was vacated, it "has no precedential value whatsoever."

> The parties thoroughly discuss *Jones*. (Doc. No. 8 at 7–9; Doc. No. 14 at 5–7; Doc. No. 16 at 4–5.) In *Jones*, the Tennessee Court of Appeals rejected the preemption rule, stating that it "is not in accord with [Tennessee's] system of comparative fault and thereby inconsistent with existing Tennessee jurisprudence." 2016 WL 943722, at *5. However, the Tennessee Supreme Court summarily vacated the judgment of the Court of Appeals on procedural grounds, without discussing the preemption rule. *See Jones v. Windham*, No. W2015-00973-SC-R11-CV, 2016 Tenn. LEXIS 538, at *1 (Tenn. Aug. 19, 2016). The Supreme Court's order, therefore, returned Tennessee to the state of affairs before the Court of Appeals' opinion; that is, from a legal standpoint, the preemption rule still has not been addressed by the state courts. *See Barkovic v. Att'y Grievance Comm'n*, 289 F.Supp.3d 833, 844 (E.D. Mich. 2017) (quoting *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 n.2 (9th Cir. 1991)) (**"[A] decision that has been *vacated* has no precedential authority whatsoever."**).

*Freeman*, *supra*, at *2 n. 1 (M.D. Tenn. Dec. 16, 2020) (emphasis added).

Finally, the Plaintiff outlines the law of a number of states that have rejected the preemption rule. This analysis was already undertaken by the Eastern District in *Ryans* and updated by the Middle District in *Freeman* and most recently in *Teil v. Rowe*, No. 3:21-CV-00917, 2022 WL 187824 (M.D. Tenn. Jan. 20, 2022). As discussed above, the Western District, Middle District, and the Eastern District have all determined that the Tennessee Supreme Court would follow the **majority** position of endorsing the preemption rule and dismissing claims of an employer's direct negligence when it admits *respondeat superior* liability for its employee. *See Ryans*, *9.

In discussing *Freeman* the *Teil* court wrote, "This Court found no controlling Tennessee authority to the contrary, and has found none now." Here the Plaintiff has cited no controlling Tennessee authority in support of its resistance to the dismissal of the direct negligence claims against Jenkins & Stiles. Based on the consistent application of the preemption rule by all of the United States District Courts in Tennessee, this Court should similarly find that because Jenkins & Stiles has admitted possible *respondeat superior* liability for its employee Curtis Kennedy if he

is found negligent—which is denied—all of the Plaintiff's claims of direct negligence against Jenkins & Stiles should be dismissed with prejudice.

Respectfully submitted this 11th day of April, 2022.

**COPELAND, STAIR, VALZ & LOVELL, LLP**

*/s/ G. Graham Thompson*
ANGELA CIRINA KOPET, BPR 017921
G. GRAHAM THOMPSON, BPR 034467
735 Broad Street, Suite 1204
Chattanooga, TN 37402
Phone: 423-713-7075
Fax: 423-648-2283

## CERTIFICATE OF SERVICE

This is to certify the foregoing pleading was filed electronically and that the notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

This 11th day of April, 2022.

**COPELAND, STAIR, VALZ & LOVELL, LLP**

By: */s/ G. Graham Thompson*

735 Broad Street, Suite 1204
Chattanooga, TN 37402