UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ALBERTA LOUISE PERRY,<br>surviving spouse and next kin of<br>VINCENT MCKINNEY, deceased,<br><br>      Plaintiff,<br><br>v.<br><br>JENKINS & STILES, LLC, and<br>NCI GROUP, INC, d/b/a/ METL-SPAN, and<br>NUCOR INSULATED PANEL GROUP, INC,<br>d/b/a METL-SPAN,<br><br>      Defendants. | No.: 3:21-CV-414-KAC-JEM |

## **ORDER**

On August 3, 2022, Plaintiff filed a "Stipulation of Dismissal without Prejudice as to NCI Group, Inc., d/b/a Metl-Span Only" in case number 3:21-cv-414 that was signed by all Parties [Doc. 63]. The Parties state that they "stipulate to the dismissal without prejudice of all claims brought by Plaintiff Alberta Perry against NCI Group, Inc." [*Id.*]. As authority for the stipulation, the Parties rely upon Federal Rule of Civil Procedure 41(a)(1)(A)(ii) [*Id.*]. The Parties drafted the stipulation as a proposed order for the Court to enter [*Id.*].

Rule 41(a) provides for the dismissal of "*an action*." Fed. R. Civ. P. 41(a) (emphasis added). In contrast, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or *drop a party*." Fed. R. Civ. P. 21 (emphasis added). Thus, Rule 41 controls dismissal of an entire "action," and Rule 21 controls where parties seek to dismiss a "party" from the larger action. *See Letherer v. Alger Grp.*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Cap. Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *see also EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cnty.*, No. 12-58, 2012 WL

3644968, at *1-3 (E.D. Ky. Aug. 24, 2012) (explaining the history and significance of this distinction). In evaluating a Rule 21 motion, the Court considers whether the dismissal would cause undue prejudice to a nonmoving party. *See EQT Gathering, LLC*, 2021 WL 3644968, at *3.

Here, citing Rule 41, the Parties stipulated to a voluntary dismissal of Plaintiff's claims against NCI Group, Inc. without prejudice [Doc. 63]. However, the requested dismissal would not resolve the entire action—Plaintiff's claims against Jenkins & Stiles, LLC and Nucor Insulated Panel Group, Inc. would remain. Therefore, Rule 21 is the proper mechanism to drop NCI Group, Inc. from this case. *See Letherer*, 328 F.3d at 266. Consequently, the Court construes the Parties' filing as a motion under Rule 21. No party would be prejudiced by dropping NCI Group, Inc. from this case without prejudice. Accordingly, the Court **GRANTS** the Parties' motion [Doc. 63], as construed under Rule 21, and **DISMISESS** Defendant NCI Group, Inc. from this action **WITHOUT PREJUDICE**.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

2

Case 3:21-cv-00414-KAC-JEM   Document 68   Filed 08/10/22   Page 2 of 2   PageID #: 386