LAW OFFICES
# COPELAND, STAIR, KINGMA & LOVELL, LLP

**ATLANTA, GA OFFICE**
191 Peachtree Street Suite 3600
Atlanta, GA 30303
404.522.8220

**DIRECT DIAL NUMBER**
423.551.4345

**E-MAIL ADDRESS**
akopet@cskl.law

**FACSIMILE**
423.648.2283

**735 BROAD STREET
SUITE 1204
CHATTANOOGA, TENNESSEE 37402**

TELEPHONE 423.713.7075

www.cskl.law

**CHARLESTON, SC OFFICE**
40 Calhoun Street, Suite 400
Charleston, SC 29401-3001
843.727.0307

**REPLY TO
CHATTANOOGA OFFICE**

May 26, 2021

**VIA CERTIFIED MAIL**
Steven Leibel, Esq.
Steven Leibel, P.C.
6150 GA 400, Suite C
Cumming, GA 30028

      RE:    Vincent Bernard McKinney
                Date of Loss: April 15, 2021
                Our Client: Jenkins & Stiles, LLC
                Our File Number: 4407-62103

Dear Mr. Leibel:

      Copeland, Stair, Kingma & Lovell, LLP has been asked by Jenkins & Stiles LLC to your letter regarding the incident that occurred on April 15, 2021. We reviewed your letter dated May 3, 2021. Please see below for our response:

### a. Insurance Policy

      The incident occurred in Knoxville, Tennessee; therefore, Tennessee law applies. Pursuant to Tennessee law, information concerning a defendant's liability insurance is not subject to discovery. We will not provide our client's insurance information at this time.

### b. Recorded Statement, Medical Records, Photographs, and Other Documents

      Neither we nor our client has taken a recorded statement from your client or her spouse. We also have not obtained any authorization for medical records. We are in possession of photographs taken as part of the investigation of the incident; however, as the investigation is ongoing, we will not disclose those photographs at this time.

### c. Premises and Forklift

Jenkins & Stiles is not the owner of the premises at 7640 Oak Ridge Highway, or the forklift that was involved in the incident. Therefore, please contact the owner(s) of those properties to schedule any inspection. We are unable to preserve the premises, the forklift, and other evidence that we and/or Jenkins & Stiles do not own, possess, or control.

### d. Inspection of Truck and Trailer

We would ask that you and your client take steps to preserve the truck and trailer involved in the incident. This includes ensuring that the truck, trailer, and parts of the truck and trailer remain secure for inspection. Likewise, we request that you preserve any and all items found inside of or attached to the vehicle at the time of the accident.

If any items have been removed from the truck and trailer, please let us know what these items are and when they were removed. Please note that if any items have been removed, we would request that an inventory of the items removed be prepared so a determination can be made regarding whether it will be necessary to return those items in order to conduct a proper investigation.

It is our understanding that the truck was equipped with a KeepTruckin Fleet Management platform. Please take the necessary steps to obtain and preserve all information available from KeepTruckin for the time period beginning seven days prior to the incident until seven days after the incident.

In order to avoid the loss of important evidence, it is imperative that we have the ability to inspect the truck and trailer and download the computer on the vehicle as soon as possible. Please provide us with the location of the vehicle, and dates and times the vehicle will be available for inspection/download.

Do not alter the truck and trailer involved in the incident in any way until we have inspected them. Please contact us to schedule and inspection of the truck and trailer as soon as possible. If you do not want to be present, please have the owner of the vehicle sign the enclosed authorization allowing us to do the inspection, and return it to us before the inspection takes place.

### e. Preservation of Cell Phones

We believe that you Mr. McKinney's Samsung Galaxy Note 8 cell phone and other cell phone information may be relevant in this matter. Therefore, we ask that you and your client secure and preserve Mr. McKinney's cell phone and all all information regarding Mr. McKinney's cell phone records for the date of the incident and the day before, including but not limited to data usage, text and voice history, photos and videos, itemized statements, etc.

If you are unable to secure and preserve the information, please let us know the cell phone carrier, account number, and cell phone number for each phone that belonged to your clients on the day of the accident, and explain why the information cannot be secured and preserved. Attached is an authorization allowing us to obtain your client's cell phone information and provide you with any information obtained. Please include information for all phones owned and/or used by Vincent McKinney and Alberta Perry on the day of the incident.

### f. Preservation of Social Media

We believe that your clients' social media activity may be relevant to this matter. Therefore, we ask that you and your client secure and preserve all information regarding Ms. Perry's and Mr. McKinney's social media activity, including but not limited to Facebook, Instagram, Snapchat, YouTube, TikTok, etc.

### g. Additional Information to be Preserved

Please take the necessary steps to obtain and preserve all of the following information:

1) Any audio and video footage depicting the incident and/or your client(s) damages.

2) Any internal reports of ClearShine Logistics LLC written about the incident.

3) Any statements (written, audio, video, etc.) taken regarding the incident.

4) Any photographs related to the incident and/or your client(s) damages.

5) Any information regarding witnesses to the incident and/or to your client(s) damages.

6) Any information regarding Mr. McKinney's trip to the location of the incident, particularly any information related to Mr. McKinney's delay in making his delivery to the location of the incident.

7) Any and all maintenance/repair/inspection documents related to the truck and trailer operated by Mr. McKinney.

8) Any and all documents related to the purchase of the truck and trailer, and any modifications made to the truck and trailer, including but not limited to the installation of the gooseneck hitch on the truck.

9) All timesheets, driver's logs, and other documents showing the times Mr. McKinney worked for the time period beginning seven days prior to the incident until seven days after the incident.

10) Any communications with Mr. McKinney regarding the trip he was on leading up to the incident.

11) Any Department of Transportation documents related to Mr. McKinney's truck, trailer, and/or the delay on his trip to 7640 Oak Ridge Highway before the incident.

12) All documents created or gathered during your investigation into the circumstances of this crash.

13) Mr. McKinney's entire employee file, including all medical records, Motor Vehicle Records results of drug/alcohol tests, training records, licensing records, etc.

14) Any write ups or other documents regarding corrective action, coaching, or counseling of Mr. McKinney at any time.

15) Any documents reflecting training that was provided to Mr. McKinney concerning driving or the operation of a vehicle at any time.

16) Any documents reflecting Mr. McKinney's qualifications as a driver or truck operator.

17) The certificate of title and registration for the truck involved in the incident.

18) The certificate of title and registration for the trailer involved in the incident.

19) A copy of the driver's handbook for the truck involved in the incident.

20) A copy of any driver's handbook or owner's manual for the trailer involved in the incident.

21) All documents related to the cargo on the trailer, including but not limited to the bill of lading, contracts and correspondence with any shipper and third-party logistics coordinator, and shipping, receiving, and dispatch information.

  As you may be aware, the destruction, alteration, or loss of any evidence referenced above constitutes spoliation of evidence under Tennessee law. If you fail to secure and preserve this evidence, it may give rise to the legal presumption that the evidence would have been harmful to any claim or defense your clients may have. Furthermore, if you fail to preserve this evidence, we may have the ability to seek sanctions for the destruction of evidence.

  Thank you for your attention to the above matters. We look forward to hearing from you soon to schedule the inspection of the truck and trailer. Please do not contact anyone at Jenkins & Stiles about the incident or this letter. If you have questions, reach out to us.

            Best Regards,

            */s/ Angela Cirina Kopet*

            ANGELA CIRINA KOPET
            For the Firm

            */s/ G. Graham Thompson*

            G. GRAHAM THOMPSON
            For the Firm

Enclosure

# AUTHORIZATION TO INSPECT VEHICLE AND TO DOWNLOAD ELECTRONIC DATA

The undersigned is the legal owner of the vehicle identified below. The undersigned hereby gives permission and consent for any employee of Copeland, Stair, Kingma & Lovell LLP and/or their agent, representative, or expert to inspect the referenced vehicle and to image the data stored by any Event/Electronic Data Recorder (EDR), "black box", or other data recorder that may or may not be present at the time of the inspection. This may require imaging data from more than one module. The undersigned understands that the data, if any was recorded, may or may not have information related to the accident being investigated. Please provide the parties identified above with full access to the exterior and interior of the vehicle, including but not limited to the ability to image any data that may or may not be stored by any Electronic Data Recorder (EDR) or other "black box" type of equipment.

MAKE: Ford
MODEL: F-350
YEAR:
VIN: 1FT8W3DT1KEC40493

_____
SIGNATURE – VEHICLE OWNER

_____
PRINTED NAME – VEHICLE OWNER

_____
NOTARY PUBLIC

My Commission Expires: _____

## Consent to Release Confidential Cell Phone Information

      By his/her signature below, the undersigned hereby authorizes and requests the following cell phone providers:

| CARRIER | CELL PHONE NUMBER |
|---------|-------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

to release all cell phone records, including but not limited to confidential information such as phone calls, text messaging, and data usage for the above cell phone numbers during the time period of April 15, 2021, to:

      Copeland, Stair, Kingma & Lovell LLP
      725 Broad Street, Suite 1204
      Chattanooga, TN 37402

      I understand that any cancellation or modifications of this authorization must be in writing, and that I have a right to receive a copy of this authorization. This authorization shall remain valid until: April 15, 2023. I furthermore release all parties stated herein from any legal liability resulting from the release of this information, with the understanding that all parties involved will exercise appropriate safeguards while using this information.

**YOU MAY ACCEPT A COPY OF THIS DOCUMENT IN LIEU OF THE ORIGINAL.**

_____        _____
(Signature)        Date

_____
(Printed Name)

Sworn to and subscribed before me this _____ day of _____, 2021.

                                          _____
                                          NOTARY PUBLIC

MY COMMISSION EXPIRES: _____