# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

ALBERTA LOUISE PERRY, surviving spouse
and next kin of VINCENT MCKINNEY,
deceased,

    Plaintiff,

v.                                                      No. 3:21-CV-00414-KAC-JEM
                                                             JURY DEMAND

JENKINS & STILES, LLC and NUCOR
INSULATED PANEL GROUP, INC.,
d/b/a METL-SPAN,

    Defendants.
_____/

## PLAINTIFF'S MOTION IN LIMINE REGARDING THE USE OF DEMONSTRATIVE AIDS DURING TRIAL

The Plaintiff, Alberta Louise Perry, surviving spouse and next kin of Vincent McKinney, deceased, through her attorneys of record, submits this Motion *in Limine* regarding the use of demonstrative aids at trial.

## DISCUSSION

### A. Introduction

During the trial in this matter, Plaintiff intends to use demonstrative evidence designed to digest the large volume of witness testimony and documents that the jury will need to absorb during trial, which will be produced in accordance with the Court's Scheduling Order. Plaintiff's demonstrative evidence will promote judicial economy and efficiency, streamline the case, and assist the jury in understanding the complex and voluminous evidence.

Federal law fully supports the use of demonstrative aids in opening, closing and through witness examination, as set forth below. Plaintiff intends to use only those portions of the demonstrative aids that are appropriate at each phase of the trial – opening statements, direct testimony, cross examination, and closing arguments. All the underlying evidence referenced on the demonstrative aids will be presented at trial and bears directly on Plaintiff's burden of proof. Thus, there is no danger of unfair prejudice or misleading the jury. In fact, there is nothing in any of Plaintiff's individual demonstrative exhibits that Plaintiff's counsel could not create during trial by drawing the image with markers on an easel. Having the exhibits prepared ahead of trial is simply an effort to save time and to promote judicial economy and efficiency.

Plaintiff's counsel (and/or witnesses) have and will spend considerable time developing these demonstrative exhibits in an effort to promote judicial economy by significantly quickening the pace of trial. At the same time, these demonstrative exhibits will aid the jury's understanding of this case by quickly, easily, and neutrally explaining the facts and theories of the case to the jury. Nothing in these demonstrative exhibits is inadmissible and nothing in these demonstrative exhibits will in any way improperly inflame the jury. In an effort to conduct this trial fairly, the demonstrative exhibits will be provided to the opposing party in accordance with the Court's Scheduling Order and, otherwise, before trial of this matter.

  **B.**  **Federal and Tennessee Law Permit the Use of Demonstrative Aids.**

As a general matter, trial courts have wide discretion to permit counsel to employ the use of demonstrative exhibits as "pedagogical" devices to simplify complex testimony or other information and evidence or to assist counsel in the presentation of argument to the court. See e.g., *United States v. Paulino*, 935 F.2d 739, 753 (6th Cir. 1991); *United States v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998). Fed. R. Evid. 611(a) provides an additional basis for the use of such illustrative aids. *Bray*, 139 F.3d 1104, 1111. Demonstrative evidence is designed to "organize or aid the jury's examination of testimony or documents which are themselves admitted into evidence. *Id.* The court in Bray also commented that:

> "[w]e understand the term "pedagogical device" to mean an illustrative aid such as information presented on a chalkboard, flip chart, or drawing, and the like, that (1) is used to summarize or illustrate evidence, such as documents, recordings, or trial testimony, that has been admitted into evidence; (2) is itself not admitted into evidence; and (3) may reflect to some extent, through captions or other organizational devices or descriptions, the inferences and conclusions drawn from the underlying evidence by the summary's proponent. This type of exhibit is more akin to argument than evidence since [it] organizes the jury's examination of testimony and documents already in evidence."

*Id*; (see also *United States v. Wood*, 943 F.2d 1048, 1053-54 (9th Cir. 1991) and 1 Edward J. Devitt et al., Federal Jury Practice and Instructions § 14.02 (4th ed. 1992)).

In fact, generally, "courts look favorably upon the use of demonstrative evidence because it helps the jury understand the issues raised at trial." 4 Weinstein's Federal Evidence § 611.02; see also *United States v. Milkiewicz*, 470 F.3d 390, 396-398 (1st Cir. 2006) (demonstrative exhibits are meant to illustrate or clarify a party's position). Demonstrations are the most effective means of clarifying testimony, and

the trial court does not abuse its discretion by permitting them. 4 Weinstein's Federal Evidence § 611.02.

In Tennessee, demonstrative aids are routinely employed and used by parties to litigation. Specifically, Tenn. Code Ann. § 20-9-303 provides:

> [i]n the trial of any civil suit, counsel for either party shall be permitted to use a blackboard, models or similar devices, also any picture, plat or exhibit introduced in evidence, in connection with the counsel's argument to the jury for the purpose of illustrating the counsel's contentions with respect to the issues that are to be decided by the jury; provided that counsel, shall not, in writing, present any argument that could not be made orally.

Tenn. Code Ann. § 30-9-303. The Tennessee Western Section Court of Appeals has interpreted this statute to specifically allow power point type images in opening and closing and with witnesses. *Stanfield v. Neblett*, 339 S.W.3d 22, 41-44 (Tenn. Ct. App., 2010). In *Stanfield v. Neblett*, 339 S.W.3d 22, the court specifically considered whether the trial court should have allowed a party to present power point images that included documents not yet admitted into evidence during opening and closing statements and found no error by allowing their use. *Stanfield v. Neblett*, 339 S.W.3d at 41-44.

Furthermore, demonstrative or illustrative evidence is evidence "addressed directly to the senses without the intervention of testimony" and may include "maps, diagrams, photographs, models, charts, medical illustrations and X-rays". 11 Tenn. Jur. EVIDENCE § 81 (citing Black's Law Dictionary 7th Ed.). The use of demonstrative evidence in court has long been recognized. *State v. Wiseman*, 643 S.W.2d 354 (Tenn. Crim. App. 1982). Under Tenn. Code Ann. § 30-9-303,

"blackboards, models or similar devices, also any picture, plat or exhibit" does not require such demonstrative aids be introduced into evidence as an exhibit. Paine and Cohen, 1 Tennessee Law of Evidence § 4.01 (Matthew Bender 2018). The admission of demonstrative evidence is largely discretionary, and their use has been upheld for demonstrations even though they did not accurately reflect the entire course of events. *United States v. Williams*, 952 F.2d 1504, 1519 (6th Cir. 1991); Jones v. Ralls, 187 F.3d 848, 853 (8th Cir. 1999).

Under the Federal Rules of Evidence, "relevant evidence" means "evidence having any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is admissible, unless an exception applies. Fed. R. Evid. 402.

The trial court has reasonable control over the mode of presenting evidence. Fed. R. Evid. 611(a). The Court should advise the jury to understand that the demonstrative aid itself is not evidence, but rather is presented to assist the trier of fact in comprehending and evaluating the other evidence and the facts in general which is admissible when relevant. *Paulino*, 935 F.2d at 753. Further, Fed. R. Evid. 105 expressly permits a party to request jury instructions regarding the admission or use of evidence used for a limited purpose.

Under federal and Tennessee law, the use of demonstrative aids during trial is permitted. Such evidence is important and useful in cases where, as here, the demonstrative aids help the jury understand complicated and/or voluminous

evidence. Any claimed prejudice on behalf of the Defendants may be cured by the use of limiting jury instructions.

1. **The Demonstrative Exhibits Are Fair and Accurate Depictions of the Evidence and They Will be Properly Authenticated During Trial.**

Demonstrative evidence may be authenticated by introducing evidence or testimony sufficient to support a finding that the matter is what its proponent claims. Fed. R. Evid. 901. A witness with sufficient knowledge can verify that demonstrative evidence is accurately represented. *Zieman v. City of Detroit*, No. 94-1660, 1996 U.S. App. LEXIS 10124 at *13 (6th Cir. Mar. 27, 1996) (Videotape used as demonstrative evidence did not require proponent to show by whom, how, or when the videotape was made, but only to establish what its proponent claims it to be.)

In the instant case, every single demonstrative exhibit has been or will be prepared with a specific focus on the foundation of every phrase and image contained in each specific exhibit. Plaintiff has (or will) prepared these demonstrative exhibits in order to ensure that a proper foundation exists for each and every aspect of each exhibit.

2. **The Demonstrative Aids are Highly Relevant to the Plaintiff's Case and Will Assist the Jury in Understanding Complicated and Voluminous Evidence.**

Pursuant to Fed. R. Evid. 401, relevant evidence is that which has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Demonstrative evidence may be used for explanation, specification, and argument. 4 Weinstein's Federal Evidence §

611.02; *United States v. Bray*, 139 F.3d 1104, 1111, supra. Plaintiff's demonstrative aids undoubtedly contain relevant evidence. The demonstrative aids have been purposefully tailored to be clear, concise, and accurate depictions of the Plaintiff's theory of the case and summaries of voluminous testimony and evidence. Fed. R. Evid. 1006. In the trial of any civil suit, counsel for either party shall be permitted to use a blackboard, models or similar devices. Tenn. Code Ann. § 20-9-303 Plaintiff's demonstrative boards contain the same content and material as the images that Plaintiff's counsel could create during trial by drawing images with markers on an easel or blackboard. Plaintiff's counsel has simply prepared the demonstrative exhibits in advance of trial to advance the compelling interest of judicial economy so that the court's and jury's time is saved.

Moreover, the evidence contained in the demonstrative aids is probative towards the issues in the case, and it will assist the Plaintiff, who has the burden of proof in this matter, to explain the complex evidence. The demonstrative aids will be helpful to the jury in allowing them to better follow the Plaintiff's case. Use of the demonstrative aids will help to save time, allowing the Plaintiff' to streamline the presentation of the evidence.

### 3. The Demonstrative Aids are Not Unduly Prejudicial

Any potential objection by the Defendants based on unfair prejudice is without merit. The Plaintiff has the burden of proof with respect to each cause of action against each and every defendant.

The records and the Defendants' admissions in depositions are critical evidence to the Plaintiff's case. Plaintiff must be permitted to use the demonstrative aids to assist the jury in understanding this substantial and voluminous evidence. The demonstrative aids are relevant and reliable because they are comprised in large part on the documents and testimony of the Defendants.

In order to preclude evidence, the Defendants must prove that the evidence is unduly prejudicial, not merely prejudicial. Relevant evidence may be excluded when its probative value is outweighed by the risk of undue prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Here, the demonstrative exhibits/aids will not influence the jury to make a decision on an improper basis. Often the most highly probative evidence is damaging and therefore, prejudicial in a superficial sense of the word. However, this does not mean that the evidence may be excluded as unfairly prejudicial. To the contrary, the evidence is admissible because it is directly relevant and probative of the substantive issues involved in the case. Plaintiff's demonstrative exhibits/boards, which pull together the different pieces of evidence, are supported by the evidence and adduced during pre-trial discovery in this matter and Plaintiff should be permitted to use them during all stages of the trial.

## II. CONCLUSION

Demonstrative exhibits, whether drawings on an easel, blackboard, or more contemporary visual aids, have a long history of acceptance in federal courts because

they aid the jury in understanding complicated and voluminous evidence. Plaintiff will carefully use appropriate portions of the demonstrative aids at the appropriate time in trial – i.e., to give the jury a factual roadmap during opening statement, to illustrate a witness' testimony during trial, for impeachment if necessary, and to tie the themes of the evidence together during closing argument. Plaintiff's demonstrative exhibits were carefully prepared in a fashion that complies with the Federal Rules of Evidence and their use at trial will promote judicial efficiency and economy and will streamline the case. The Plaintiff must not be punished for being prepared and working diligently to put on a streamlined, cogent trial using relevant, demonstrative aids. Plaintiff's demonstrative aids serve the dual purpose of promoting judicial economy by moving the trial forward and improving the juror's understanding of a substantial quantity of complex evidence. Accordingly, the Plaintiff must be permitted to use demonstrative aids/exhibits at the time of trial.

**Wherefore**, Plaintiff seeks a ruling *in limine* that she should be allowed to use demonstrative aids at trial, with limiting instructions, if necessary.

Respectfully submitted,

**THE LAW FIRM FOR TRUCK SAFETY, LLP**

*/s/Matthew E. Wright*
Matthew E. Wright, No. 022596
840 Crescent Centre Drive
Suite 310
Franklin, TN 37067
P: (615) 455-3588
F: (615) 468-4540
matt@truckaccidents.com

Steven K. Leibel
Paul Menair
*Admitted pro hac vice*
Steven Leibel, P.C.
3619 S. Chestatee
Dahlonega, GA 30533
P: (404) 892-0700
F: (770) 844-0015
steven@leibel.com

*Attorneys for Plaintiff, Alberta Louise Perry next kin and surviving spouse of Vincent McKinney, deceased*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's

ECF filing system to the following:

Angela Cirina Kopet
G. Graham Thompson
Copeland, Stair, Valz & Lovell, LLP
735 Broad Street
Suite 1100
Chattanooga, TN 37402
**Attorneys for Defendant Jenkins & Stiles**

on August 8th, 2023.

                                               */s/Matthew E. Wright*
                                               Matthew E. Wright