UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ALBERTA LOUISE PERRY, surviving spouse and next kin of VINCENT MCKINNEY, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:21-CV-414-KAC-JEM ) |
| JENKINS & STILES, LLC, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Exclude or Limit the Testimony of Charles A. Eroh, P.E., and Any Undisclosed Opinion Testimony by Defendant Jenkins & Stiles [Doc. 141]. Defendant responded in opposition to the motion [Doc. 152]. Plaintiff did not file a reply. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion [**Doc. 141**].

**I.      BACKGROUND**

This lawsuit arose out of the death of Vincent McKinney on April 15, 2021, at a U-Haul construction site [Doc. 105]. Defendant Jenkins & Stiles, LLC is a construction company, and it was the general contractor for the construction site [*Id.* ¶ 11]. Mr. McKinney was delivering cargo to the construction site, namely a load of five wrapped bundles of insulated panels [*Id.* ¶¶ 15–16]. While some of the facts are in dispute, the parties do not seem to dispute that as Curtis Kennedy ("Mr. Kennedy"), a forklift operator and jobsite superintendent for Defendant, began unloading

the cargo, the cargo fell off of the trailer onto Mr. McKinney [Doc. 141 p. 3]. Mr. McKinney died on the scene [*Id*.].

According to Mr. Kennedy, he directed Mr. McKinney to finish unstrapping the load so that Mr. Kennedy could begin removing the cargo from the trailer using a forklift [Doc. 144-1 pp. 5, 7]. Mr. Kennedy claims that Mr. McKinney had removed all the straps before he began offloading, although he is not 100% sure [*Id*. at 11–12, 14]. Mr. Kennedy testified that, through Mr. McKinney's body language, Mr. Kennedy believed Mr. McKinney knew he was approaching with the forklift [*Id*. at 14–15]. When Mr. Kennedy began offloading the cargo, the bundles fell off the forklift and dropped on Mr. McKinney, who was still standing next to the trailer [*Id*. at 13, 16].

Shortly after the incident, an investigator, Michael Johnson ("Mr. Johnson") with the Tennessee Occupational Safety and Health Administration ("TOSHA"), arrived at the scene [Doc. 144-2]. Mr. Johnson interviewed several witnesses, including Robert Hutton ("Mr. Hutton") as part of his investigation [*Id*. at 16]. At that time, Mr. Hutton was an employee of Chattanooga Fire, LLC [Doc. 144-3 p. 1]. He provided a statement to the TOSHA investigator, stating that Mr. Kennedy had already unloaded some cargo prior to the incident because he saw it stacked nearby [*Id*.]. Mr. Hutton heard someone say, "Curtis your [sic] clear, Go" [*Id*.]. He then heard a crash and saw Mr. McKinney under the cargo [*Id*. at 2]. Mr. Hutton wrote, "Everyone was clear, Curtis had a good visual of the work area. I didn't see anything that appeared to be unsafe" [*Id*.]. Mr. Hutton passed away on August 3, 2022 [Doc. 144 p. 4].

As part of its expert disclosures, Defendant identified Charles A. Eroh, P.H. [*See* Doc. 141-1]. In addition to several other conclusions, Mr. Eroh states:

> Mr. McKinney bears responsibility for the incident for leaving the safe area at the driver's side truck fender and entering the fall zone when he was fully aware of ongoing offloading activities and had

verbally communicated with Mr. Kennedy to procced with the
unloading.

[*Id*.].

Plaintiff challenges this conclusion under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993) [Doc. 141]. Plaintiff asserts that Mr. Eroh's conclusion that Mr. McKinney bears responsibility will not assist the jury because it is the jury's role to determine that issue [*Id*. at 8–9]. In addition, Plaintiff states that Mr. Eroh cannot testify about Mr. McKinney's state of mind [*Id*. at 8]. Plaintiff further argues Mr. Eroh should be precluded from referencing Mr. Hutton's statement [*Id*. at 9–11].[1] Defendant generally responds that Mr. Eroh's "opinion is based on the reasonable interferences drawn from [his] investigation of the accident" and that he is entitled to rely on the evidence that he considered [Doc. 152 p. 9].

## II. STANDARD OF REVIEW

"Federal Rule of Evidence 702 obligates judges to ensure that any scientific testimony or evidence admitted is relevant and reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert v. Merrell Dow Pharmas., Inc.*, 509 U.S. 579, 589 (1993)). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

---

[1] Plaintiff also seeks to exclude Mr. Eroh from offering any opinion or testimony that he has not disclosed in his report and argues that Defendant should be precluded from offering any expert testimony not contained in disclosures [Doc. 141 p. 11]. Defendant responds that it is allowed to supplement expert disclosures under Rule 26(e)(2) of the Federal Rules of Civil Procedure. There is nothing before the Court to suggest that Mr. Eroh intends to offer additional opinions, nor is there any evidence that he has supplemented his report. *See* Fed. R. Civ. P. 26(e)(2). The Court therefore declines to address these issues.

3

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.[2] The Supreme Court stated in *Daubert* that a district court, when evaluating evidence proffered under Rule 702, must act as a gatekeeper, ensuring "that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589.

"Although *Daubert* centered around the admissibility of scientific expert opinions, the trial court's gatekeeping function applies to all expert testimony, including that based upon specialized or technical, as opposed to scientific, knowledge." *Rose v. Sevier Cnty.*, No. 3:08-CV-25, 2012 WL 6140991, at *4 (E.D. Tenn. Dec. 11, 2012) (citing *Kumho Tire Co.*, 526 U.S. at 138–39). "[A] party must show, by a 'preponderance of proof,' that the witness will testify in a manner that will ultimately assist the trier of fact in understanding and resolving the factual issues involved

---

[2] Rule 702 was amended on December 1, 2023. The Court utilizes the current version of Rule 702 because it governs "insofar as just and practicable, all proceedings then pending." Prop. Ams. to the Fed. R. Evid., 344 F.R.D. 850, 851. *See also United States v. Candelaria*, No. 22-CR-767 KWR, 2023 WL 8185932, at *1 n.1 (D.N.M. Nov. 27, 2023) (applying amendment before the effective date of the amendment because the trial was scheduled to occur after the effective date); *Andrews v. Brethern Mut. Ins. Co.*, No. 4:19-cv-01107, 2023 WL 660710, at *6 (M.D. Pa. Oct. 12, 2023) (taking "heed of the forthcoming changes so as to avoid the misapplication of Rule 702 identified by the Advisory Committee"). But the result would be the same regardless of whether the Court applied the current or prior version of Rule 702. The changes to the rule are not substantive. *Nash-Perry v. City of Bakersfield*, No. 118CV01512JLTCDB, 2023 WL 8261305, at *13 (E.D. Cal. Nov. 29, 2023) ("Regardless, as Plaintiffs explicitly acknowledge, the changes *are not substantive*."). Rather, "[t]he amendment clarifies that the preponderance standard applies to the three reliability-based requirements added in 2000--requirements that many courts have incorrectly determined to be governed by the more permissive Rule 104(b) standard." Fed. R. Evid. 702 advisory committee's note to 2023 amendments.

in the case." *Coffey*, 187 F. Supp. 2d at 70–71 (quoting *Daubert*, 509 U.S. at 593–94). The party offering the expert has the burden of proving admissibility. *Daubert*, 509 U.S. at 592 n.10.

"District courts generally have 'considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.'" *Madej v. Maiden*, 951 F.3d 364, 374 (6th Cir. 2020) (quoting *Kumho Tire*, 526 U.S. at 152). Decisions by the district court are thus reviewed for an abuse of discretion. *See id.* (citing *Kumho Tire*, 526 U.S. at 142). "This deferential standard makes sense because *Daubert* establishes a 'flexible' test that considers many indicia of reliability[,]" and relevance will depend "on the particular science and the particular scientist before the court." *Id.* (citing *Kumho Tire*, 526 U.S. at 150).

### III. ANALYSIS

According to Plaintiff, Mr. Eroh's opinion that Mr. McKinney bears responsibility for the incident will not assist the jury because it is the jury's role to determine that issue. While Mr. Eroh may have based this opinion "on reasonable inferences drawn from [his] investigation of the accident, including his review of the TOSHA report, [Mr.] Hutton's written statement, [Mr.] Kennedy's deposition and other information he considered," as Defendant asserts [Doc. 152 p. 9], the Court agrees it is a legal conclusion. *See Asbury v. MNT, Inc.*, No. CIV. 12-252 KG/RHS, 2014 WL 6914235, at *2 (D. N.M. Apr. 22, 2014) (striking the expert's opinion that the defendant "should bear responsibility for the crash" as an impermissible legal conclusion). Experts may not render legal conclusions. *United States v. Melcher*, 672 F. App'x 547, 552 (6th Cir. 2016) (explaining that "[a]n expert offers a legal conclusion when he defines the governing legal standard or applies the standard to the facts of the case" (citation omitted)). A legal conclusion is not helpful to the jury because it merely instructs the jury what verdict to reach. *Woods v. Lecureux*, 110 F.3d

5

1215, 1220 (6th Cir. 1997). Accordingly, Mr. Eroh's opinion that Mr. McKinney bears responsibility for the incident is not admissible.

Plaintiff also challenges Mr. Eroh's conclusion that Mr. McKinney "was fully aware of ongoing offloading activities and he had verbally communicated with Mr. Kennedy to proceed with the unloading" [Doc. 141-1 p. 2]. Whether Mr. McKinney was fully aware of an event, Plaintiff contends, is not within Mr. Eroh's expertise because he cannot "read minds" [Doc. 141 p. 1]. Mr. Eroh basis this opinion on Mr. Hutton's written statement, and Plaintiff contends that it is improper to rely upon Mr. Hutton's statement because it is inadmissible hearsay.[3] Plaintiff argues that "it would be extraordinarily prejudicial if the Defendant [were] allowed to introduce inadmissible hearsay through an opinion given by an expert to introduce inadmissible testimony" [*Id*. at 10].

Defendant responds that an "expert may rely on hearsay testimony" [Doc. 152 p. 7 (citation omitted)]. Because it retained Mr. Eroh to "inspect the accident site and determine the cause of the accident" [*id*. at 10 (citation omitted)], Defendant argues that Mr. Eroh is allowed "to reference the witness statement in discussing his opinions and bases for them" [*Id*.]. Not only did Mr. Eroh rely on Mr. Hutton's statement, but Defendant states that he relied on numerous sources, including the TOSHA report, Mr. Kennedy's deposition, his site inspection, and the photographs and videos taken by the Knox County Sheriff's Office [*Id*. at 5].

---

[3] Plaintiff also references a video recording that Attorney Graham Thompson took on April 19, 2023, that included Mr. Hutton's statements [Doc. 141 p. 9; *see also* Doc. 152 p. 6]. But according to Defendant, Mr. Eroh reviewed this video after he authored his report and "it did not form the basis of the opinions Mr. Eroh expressed in his written report" [Doc. 152 p. 6]. Defendant further states, "[Mr.] Eroh testified in his deposition that although he reviewed that video, he did not remember what was said it in, and he believed it was similar to what was contained in [Mr.] Hutton's written statement" [*Id*. (citation omitted)]. Given that Mr. Eroh does not rely on the video recording, the Court does not address it.

In reviewing the parties' arguments, there are two issues: (1) whether Mr. Eroh may rely upon Mr. Hutton's statement in forming his opinion and (2) whether Mr. Eroh may opine about Mr. McKinney's state of mind. Starting with the latter issue—Mr. Eroh's opinion that Mr. McKinney "was fully aware of ongoing offloading activities" [Doc. 141-1 p. 2]—Mr. Eroh may not opine at trial about Mr. McKinney's state of mind, regardless of what Mr. Eroh relied upon in forming his opinion about Mr. McKinney's state of mind. "An expert may not offer an opinion on someone else's subjective beliefs or feelings." *Dinsmore & Shohl LLP v. Gray*, No. 1:14-CV-900, 2016 WL 11784514, at *3 (S.D. Ohio Apr. 5, 2016) (excluding the expert's testimony that a witness "'believed' certain things[,]" reasoning that "[e]xperts may rely on a witness's testimony, but may not opine on someone's thoughts"); *Powell v. Tosh*, 942 F. Supp. 2d 678, 703 (W.D. Ky. 2013) ("[The expert's] conclusions as to [the d]efendants' awareness, intent, choices, and knowledge are, quite plainly, state-of-mind opinions."), *adhered to on denial of reconsideration*, No. 5:09-CV-00121-TBR, 2013 WL 1878934 (W.D. Ky. May 3, 2013). The Court, therefore, need not decide the first issue in the context of Plaintiff's motion. Indeed, the Court has reviewed the docket and observes that the admissibility of Mr. Hutton's statement is being challenged through motions in limine filed by both Plaintiff and Defendant [*See* Docs. 157 & 169].

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Exclude or Limit the Testimony of Charles A. Eroh, P.E., and Any Undisclosed Opinion Testimony by Defendant Jenkins & Stiles [**Doc. 141**]. Mr. Eroh may not

7

Case 3:21-cv-00414-KAC-JEM   Document 217   Filed 01/02/24   Page 7 of 8   PageID #: 4416

testify that Mr. McKinney bears responsibility for the incident nor about Mr. McKinney's subjective beliefs.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge